UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RONALD WELLS, II,**

    **Petitioner,**

                                                                               Case No: 98-CV-73680-DT
                                                              Honorable Denise Page Hood

v.

**PAMELA WITHROW,**

    **Respondent.**

___

### MEMORANDUM OPINION AND ORDER
### RE: EVIDENTIARY HEARING & POST HEARING BRIEFS

**I.    Introduction**

On August 24, 1998, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 alleging various constitutional violations. The Respondent filed a response to the Petition on January 1, 1999. The Court issued a Memorandum Opinion and Order on June 7, 1999 dismissing Petitioner's claims except for the ineffective assistance of trial and appellate counsel claim based on both counsel's failure to raise a violation under the Interstate Agreement on Detainers Act ("IAD"), 18 U.S.C. App. § 2. The Court ordered an evidentiary hearing on the issue and appointed the Federal Defender's Office to represent Petitioner during the evidentiary hearing.

On June 21, 1999, Respondent filed a Motion for Reconsideration of the June 7, 1999 Memorandum Opinion and Order, raising for the first time the argument that a violation of the IAD is not a cognizable claim under § 2254. Petitioner and his counsel filed a response to the Motion for Reconsideration citing a Sixth Circuit case, *Kowalak v. United States,* 645 F.2d 534 (6th Cir. 1981). In *Kowalak,* the Sixth Circuit held that the district court abused its discretion in failing to hold an evidentiary hearing on a defendant's claim under 28 U.S.C. § 2255 that his counsel failed

to provide a defense based on a violation of the IAD which would have barred the prosecution fo charges against defendant. *Kowalak*, 645 F.2d at 537-38. This Court denied Respondent's Motion for Reconsideration in an Order dated September 1, 1999.

Petitioner appealed the Court's June 7, 1999 Memorandum Opinion and Order dismissing Petitioner's claim except for the ineffective assistance of trial and appellate counsel claim. The Sixth Circuit dismissed the appeal. An evidentiary hearing on the ineffective assistance of counsel claim was held on May 20, 2003. Post-Hearing Briefs were thereafter filed by the parties.

## II.    Statement of Facts

### A.    Procedural History

Petitioner was charged with open murder and felony firearm pursuant to M.C.L. §750.316 and M.C.L. §750.227b, respectively. He was extradited from Georgia, from where he was serving a two to five year sentence for a controlled substance case. On December 25, 1991, Petitioner appeared in Michigan to answer the charges against him. Petitioner was bound over for trial on the charges on January 9, 1992. On February 21, 1992, a final conference was held before the Honorable George Best. An extension of two weeks was granted for motion filing; and the trial date of July 20, 1992 was given by the Court without objection by Petitioner's counsel. (Petitioner Wells' Supplemental Brief Following Evidentiary Hearing, attachment, pp. 6-7). After a bench trial, Petitioner was convicted on July 22, 1992 of first degree murder and felony firearm. On August 6, 1992, Petitioner was sentenced to life imprisonment without parole on the first degree murder conviction and a consecutive two year prison term on the felony-firearm conviction.

Petitioner appealed to the Michigan Court of Appeals raising the following issues: (1) "Defendant's Conviction For First Degree Murder Must Be Reversed Where There Is Insufficient

Evidence To Establish the Elements of Premeditation And Deliberation; and (2) Defendant Was Denied His Constitutional Rights to Effective Assistance of Counsel Where He Failed To File A Written Pretrial Motion To Quash With Accompanying Brief Memorandum of Law Prior to Trial and Counsel Failed to Move to Disqualify the Judge After The Judge Read the Preliminary Examination Transcript And Denied The Motion To Quash The Information." *(Amended (Corrected) Defendant-Appellant's Brief on Appeal).* The Michigan Court of Appeals affirmed Petitioner's conviction on March 25, 1994.

Petitioner then filed a Delayed Application for Leave to Appeal with the Michigan Supreme Court raising the previously outlined questions, plus two additional issues: (1)"Whether Defendant's-Appellant's Conviction For First Degree Murder Must Be Reversed Where There Is Insufficient Evidence To Establish the Elements of Premeditation And Deliberation; (2) Whether The Defendant-Appellant Was Denied His Constitutional Rights to Effective Assistance of Counsel Where He Failed To File A Written Pretrial Motion To Quash With Accompanying Brief Memorandum of Law Prior to Trial and Counsel Failed to Move to Disqualify the Judge After The Judge Read the Preliminary Examination Transcript And Denied The Motion To Quash The Information; (3) Ineffective Assistance Of Appellant Counsel In His Failure To Challenge The Code Of Criminal Procedure To Bring Defendant-Appellant Before A Magistrate For Preliminary Examination Within 12 Days; and (4) Appellate Counsel's Failure To Challenge Valid IAD - Interstate Agreement on Detainer." *(Defendant-Appellant's Delayed Application for Leave to Appeal).* The Michigan Supreme Court denied Petitioner's request for leave to appeal on December 28, 1994.

Petitioner then filed a Motion for Relief from Judgment raising three new issues: (1) The

3

Trial Judge Was Obligated To Either Sua Sponte Disqualify Himself Or Inform The Defendant Of His Right To Have A Different Judge Sit As A Trier Of Fact; (2) The Defendant Was Improperly Convicted Of First Degree Murder Since The Trial Court Lacked Jurisdiction To Try The Defendant On That Charge; and (3) Defendant Was Denied Effective Assistance of Counsel Due To Counsel's Failure To Raise A Meritorious Interstate Agreement On Detainers Violation. *(Brief in Opposition to delayed Application for Leave to Appeal).* The trial court denied Petitioner's Motion for Relief from Judgment on December 12, 1996. Petitioner filed for leave to appeal with the Michigan Court of Appeals; and the request was denied on August 7, 1997. Petitioner then filed for leave to appeal with the Michigan Supreme Court; and his request was likewise denied on June 29, 1998.

Subsequently, Petitioner sought a writ of habeas corpus in the following grounds: (1) Was Petitioner Denied The Effective Assistance Of Trial And Appellant Counsel; (2) Was Petitioner's Conviction Obtained On the Basis Of Legally Insufficient Evidence; and (3) Should The Trial Court Have Recused Itself From Sitting As The Factfinder At Petitioner's Bench Trial After Having Reviewed The Preliminary Examination Transcript In Conjunction With The Motion To Quash The Information." *(Opinion and Order Re: Habeas Petition, dated June 7, 1999, pg. 6).* This Court ordered that an evidentiary hearing be conducted on the issue of ineffective assistance of counsel involving trial and appellate counsel's failure to raise the issue of the violation of Petitioner's speedy trial rights under the IAD. *(Id. at pg. 24).* An evidentiary hearing took place on May 20, 2003 as to whether there was ineffective assistance of counsel by the respective attorneys' failure to raise the IAD violation during the trial and appellate litigation of Petitioner's case. Briefs were submitted by the parties to supplement the testimony and law presented at the evidentiary hearing.

**B.** **Evidentiary Hearing**

At the evidentiary hearing, Petitioner's trial counsel, William Hunter, testified that he considered the IAD issue and recalls it being discussed, but did not recall specifically why the issue was not raised prior to trial. Attorney Hunter also could not recall why Petitioner's criminal case would have taken longer than one hundred twenty days to get to the trial stage given the straightforward nature of the case. Attorney Hunter was unable to refresh his recollection by referring to his office file because he did not believe it was still in his possession. He had not seen the file since he put it in storage over five years ago. Attorney Hunter also testified that whether or not he permitted a trial to take place outside of the IAD or speedy trial time period depended upon his client. He could not recall why he would have waived Petitioner's right to a speedy trial, but stated that he would not have waived it absent a compelling reason.

Petitioner testified at the hearing, stating that he raised the IAD issue with Attorney Hunter in February 1992, prior to the time period's expiration. Petitioner stated that Attorney Hunter did not "buy into it;" and that Attorney Hunter believed the IAD issue had nothing to do with the case. Petitioner further testified that he raised the issue with his appellate counsel, William Johnson, who also failed to brief the issue in the first appellate brief filed with the Michigan Court of Appeals.

### III.    Applicable Law and Analysis

#### A.    Procedural Default

Respondent, for the first time in her post-hearing brief, raises the procedural default defense.

The procedural default defense provides that the failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in post-conviction proceedings. *Bousley v. Brooks*, 97 F.3d 284, 287 (8th Cir.1996). A petitioner is considered to have procedurally defaulted relative to claims that are not raised on direct appeal. *Wainwright v. Sykes*, 433 U.S. 72

(1977). ); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985); *Payne v. Rees*, 738 F.2d 118 (6th Cir. 1984). A procedural default may be excused only if the petitioner "can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." *Bousley*, 97 F.3d at 287.

Respondent argues that Petitioner is procedurally barred from raising the issue of ineffective assistance of counsel as it relates to trial and appellant counsel's failure to raise the IAD violation issue because the issue was not presented to the Michigan Court of Appeals when Petitioner first appealed as of right his conviction. Consequently, Respondent asserts that this Court cannot give any consideration to Petitioner's ineffective of assistance claim. Petitioner contends that the issue was raised before the Michigan Supreme Court in his Delayed Application for Leave to Appeal following the affirmance of his conviction and sentence by the Michigan Court of Appeals; and the issue is preserved.

It is noted that the issue of procedural default was not raised by Respondent in her Answer the Petition for Writ of Habeas Corpus. The Court need not enforce the procedural default because the defense was not raised in the Answer to the Habeas Petition. *Benoit v. Bock,* 237 F.Supp.2d 804, 807 (E.D. Mich. 2003). Although the affirmative defense of exhaustion of state remedies must be expressly waived by a respondent in a § 2254 habeas proceeding, *see* § 2254(b)(3), the same is not true for the affirmative defense of procedural default. *Benoit,* 237 F.Supp. at 807. Failure to raise the issue of procedural default in an answer to a habeas petition can be properly considered an implicit waiver of that affirmative defense to the petition. *Id., citing, Dickens v. Jones,* 203 F.Supp.2d 354, 361 (E.D. Mich. 2002). Respondent waived the procedural default defense.

Even if Respondent had proper raised the procedural default defense, the Court agrees with

Petitioner and finds that the ineffective assistance of counsel issue regarding the IAD is not procedurally barred because the issue was raised by Petitioner in his *pro se* Delayed Application for Leave to Appeal before the Michigan Supreme Court after the Michigan Court of Appeals' affirmance of his conviction and before Petitioner filed his Motion for Relief from Judgment before the trial court. *See, Caver v. Straub*, 349 F.3d 340 (6th Cir. 2003)(A petitioner fairly presented the ineffective assistance of counsel claim before the state courts and did not procedurally default his claim because petitioner raised the issue on his *pro se* appeal to the Michigan Supreme Court, even though the petitioner failed to raise the issue on direct appeal to the Michigan Court of Appeals.)

### B.  Ineffective Assistance of Counsel Claim

The only remaining issue before the Court is the ineffective assistance of counsel claim.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

The Supreme Court emphasized that, when considering an ineffective assistance of counsel claim, the reviewing court should afford counsel a great deal of deference:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance

7

> requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689 (internal citations omitted).

The initial issue the Court must address, although not raised by Respondent in her initial Answer to the Petition, is whether a violation of the IAD is a cognizable claim under § 2254.

The Interstate Agreement is a compact entered into by forty-eight states, the United States, and the District of Columbia to establish procedures for resolution of one jurisdiction's outstanding charges against another jurisdiction's prisoner. *See New York v. Hill,* 528 U.S. 110, 111 (2000). A detainer "is simply a notice to prison authorities that charges are pending against an inmate elsewhere, requesting the custodian to notify the sender before releasing the inmate." *Ridgeway v. United States,* 558 F.2d 357, 360 (6th Cir .1977).

The Act is designed to protect prisoners and  programs for their rehabilitation in two ways. First, it seeks to eliminate the uncertainties created by charges pending in another jurisdiction against a prisoner, which threaten to obstruct rehabilitation of the prisoner in the institution of the sending state, by requiring prompt disposition of those charges so that the period during which the pending charges may have an adverse effect on the prisoner's ability or desire to participate in rehabilitative programs will be minimized. *United States v. Mauro*, 544 F.2d 588, 592-93 (2d Cir. 1976). Secondly, the Act is designed to "insure that interruptions of the sending jurisdiction's incarceration are minimized" so that the prisoner's continuous physical presence in rehabilitative

8

programs at the state institution from which he is removed to face charges elsewhere, will be maximized. *United States ex rel. Esola v. Groomes*, 520 F.2d 830, 834 (3d Cir. 1975). The IAD provides prisoners charged with criminal offenses with important protections concerning the timing and notice of various proceedings against them.  Article of the IAD provides that a detainer by a state may be placed against a defendant who is serving a sentence in another state.  Once the defendant is returned to the state issuing the detainer, the receiving state must try the defendant within 120 days of the arrival of the prisoner.  18 U.S.C. App. III, § 2, Art. IV(c).  However, the time may be extended for good cause shown in open court by the prisoner or his counsel being present. *Id.*

In *Reed v. Farley*, 512 U.S. 339 (1994), the Supreme Court held that a violation of the one hundred twenty day rule in Article IV(c) of the IAD is not cognizable in 28 U.S.C. §2254 actions "when the defendant registered no objection to the trial date at the time it was set, and suffered no prejudice attributable to the delayed commencement."  *Reed* , 512 U.S. at 342.   This Circuit recognizes that IAD claims are  not cognizable in a § 2254 habeas corpus proceeding.  *Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir.1988); *Metheny v. Hamby*, 835 F.2d 672, 674 (6th Cir.1987).

In the present case, Petitioner was given a trial date outside of the one hundred twenty day time period; and defense counsel did not object.  Petitioner concedes that the IAD violation issue is not cognizable under *Reed,* but argues that the issue before the Court is ineffective assistance of counsel and not the IAD violation.  However, where the underlying issue lacks merit and is not a cognizable habeas claim, the ineffective assistance of counsel claim based on the underlying issue lacks merit as well.  *See, Robinson v. United States,* 580 F.2d 783, 785 (5th Cir. 1978); *Allen v. Morris,* 1988 WL 128004 (6th Cir., Case No. 88-3481, Dec. 2, 1988)(unpublished).

Additionally, the Supreme Court has ruled that a defendant's right under the IAD, specifically the time limits involved, scheduling questions may be left to counsel and the language of the IAD specifically allows counsel the authority to obtain continuances for good cause. *See New York v. Hill,* 528 U.S. 110,115 (2000)("Requiring express assent from the defendant himself for such routine and often repetitive scheduling determinations would consume time to no apparent purpose" and "the text of the IAD ... contemplates that scheduling questions may be left to counsel.").

Attorney Hunter's testimony shed no light on the facts and circumstances regarding the IAD violation due to his lack of memory and failure have access to his office file regarding Petitioner's case. However, Attorney Hunter testified that any the IAD or speedy trial time period was dependent upon his client. He could not recall why he would have waived Petitioner's right to a speedy trial, but stated that he would not have waived it absent a compelling reason. As required by *Strickland,* the Court must hold Attorney Hunter's actions in a highly deferential manner. *Strickland,* 466 U.S. at 687-88. Petitioner has not carried his burden to show that his counsel's action in waiving his IAD rights was deficient.

Because the Court finds trial counsel's action was not deficient under *Strickland,* appellate counsel's action in failing to pursue on appeal the IAD issue was also not deficient. *See, Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).

For the reasons set forth above, the Court finds that Petitioner has failed to state a cognizable habeas claim based on the IAD and has failed to meet the first prong of the ineffective assistance of counsel test. Petitioner's remaining ineffective of assistance habeas claim must be dismissed.

**IV.** **Conclusion**

For the foregoing reasons, Petitioner's ineffective assistance of counsel claim must be dismissed.

Accordingly,

IT IS ORDERED that Petitioner's Petition or Writ of Habeas Corpus Under 28 U.S.C. §2254 **[Docket No: 1-1, filed August 24, 1998]**, is **DENIED** and **DISMISSED** with prejudice**.**



 s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: July 29, 2005